UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSE L. VASQUEZ, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 1:13-cv-1389-SEB-MJD |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**E N T R Y**

Through its September 5, 2013, Entry, the court directed petitioner Jose L. Vasquez to report, as to each of the claims asserted in his petition challenging his 2008 conviction in an Indiana state court, whether and how he has satisfied the exhaustion requirement of the federal habeas statute. In response, Vasquez requested that the court postpone this action for at least 90 days until he gets a response from the Indiana Supreme Court. Vasquez also filed a motion requesting permission to keep his petition on file in this court.

As already noted, A[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.@ *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(citing 28 U.S.C. ' 2254(b)(1)). The exhaustion requirement is that a state prisoner, before filing a habeas petition, presents the highest state court available with a fair opportunity to rule on the merits of each claim he seeks to raise in this case. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues.").

Exhaustion of state remedies is determined as of the time that the habeas petition is filed. *Verdin v. O'Leary,* 972 F.2d 1467, 1483 (7th Cir. 1992). This is because the exhaustion requirement of 28 U.S.C. § 2254(b) "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac,* 456 U.S. 107, 125 n.28 (1982). Vasquez's habeas petition was filed on August 28, 2013. (Applying the prison mailbox rule, Vasquez's habeas petition can be considered to have been "filed" on the date it was signed. *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999)).

Accordingly, Vasquez has through December 3, 2013, to demonstrate whether and how he satisfied the exhaustion requirement as of August 28, 2013. Vasquez' filing docketed as filing for information [dkt. 10], which requests additional authorization to file in this court is **denied**.

**IT IS SO ORDERED.**

Date: __11/06/2013__

_(signature)_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jose Vasquez
No. 975271
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064